## Relief Funds for Firemen.

SCHNADER, Special Dep. Att'y-Gen., Oct. 22, 1929.—We have your request for an interpretation of the Act of April 25, 1929, P. L. 709.

This act amends section 2 of the Act of June 28, 1895, P. L. 408, as amended, by providing that the State Treasurer shall pay to the treasurers of the respective cities, townships and boroughs within Pennsylvania ". . . the entire net amount received from the 2 per centum tax paid upon premiums by foreign fire insurance companies." The amount which is to be paid to each local treasurer is to be based upon the return of the 2 per centum tax from foreign fire insurance companies doing business within his respective city, township or borough as shown by the report made to the Department of Revenue.

The 1929 amendment continues by providing that "Each city, borough or township receiving any payment from the State Treasurer hereunder shall forthwith pay the amount received to the Relief Fund Association of the fire department, or of such fire company, or fire companies, paid or volunteer, now existing, or hereafter organized, in such city, borough or township as is or are engaged in the services of such city, borough or township and duly recognized as such by the council or commissioners, as the case may be, of such city, borough or township."

You state that the Treasurer of Dunbar Township, Fayette County, has received a check from the State Treasurer for $202, but advises that Dunbar Township does not have within it any relief fund association of a fire company to which the check received can be paid as provided by the Act of 1929. The township treasurer desires to know what he shall do with the check— whether he shall pay 50 per centum of it to the road supervisors and 50 per centum to the school district, and, if not, what disposition he shall make of it.

Dunbar Township does not have any right, under the Act of 1929, to make any disposition of the check received from the State Treasurer, except as specifically set forth in the act. If it cannot use the money for the purposes set forth in the act, the check should be returned to the State Treasurer for cancellation.

In this connection, I call your attention to section 403 of the Fiscal Code (Act of April 9, 1929, P. L. 343), under which it would be the duty of your department, upon discovering that Dunbar Township had used this check otherwise than for the purposes set forth in the Act of 1929, immediately to notify the Governor and to decline to approve any further requisition for the payment of any appropriation or any further portion of any State tax to Dunbar Township until $202—the amount of the check in question—". . . shall have been expended for the purpose for which the money improperly expended was received from the State Treasurer."

Under this section of the Fiscal Code, Dunbar Township could not receive any money from the State Treasury for any purpose until it had expended $202, as specifically directed by the Act of April 25, 1929, if it were to use this money for any other purpose.

Clearly, as the township cannot use the money for the purpose specified by the legislature, it is the duty of the township treasurer to return the check to the Commonwealth. He cannot do what the legislature failed to do, namely, make an alternative provision for the use of the money if it cannot be applied as the legislature directed.

From C. P. Addams, Harrisburg, Pa.